J-S57027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN CURTIS LEONARD | |
| Appellant | No. 191 EDA 2014 |

Appeal from the Judgment of Sentence November 19, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0005282-2011

BEFORE:  DONOHUE, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                **FILED OCTOBER 21, 2014**

Appellant, John Curtis Leonard, appeals from the November 19, 2013 aggregate judgment of sentence of 23½ to 71 months' imprisonment following the trial court's revocation of Appellant's parole and probation. After careful review, we affirm.

We summarize the relevant factual and procedural history of this case as follows.  In November 2011, Appellant, while serving a sentence at Allentown Community Corrections Center, was granted temporary leave, but failed to return.  Appellant was subsequently charged with one count of escape, graded as a felony of the third degree.[1]  On February 9, 2012, Appellant pled guilty to the aforesaid charge and was sentenced the same

_____

[1] 18 Pa.C.S.A. § 5121(a).

day. At sentencing, Appellant waived the preparation of a presentence investigation report (PSI), but, in mitigation, informed the trial court of his history of drug and alcohol abuse and about his personal family circumstances. N.T., 2/9/12 at 20-21, 22-27. The trial court sentenced Appellant to 11½ to 23 months' imprisonment in the Lehigh County Prison, to be followed by a period of 36 months' probation. Sentencing Order, 2/9/12, at 1. At the expiration of his minimum sentence, the trial court paroled Appellant on May 1, 2013. Parole Order, 5/1/13, at 1. Appellant's supervision was transferred to Bradford County.

While on parole, Appellant engaged in the use of heroin and bath salts. In July 2013, Appellant overdosed and was admitted to the hospital. After he was discharged, Appellant entered a rehabilitation facility. On August 12, 2013, Appellant left the facility against medical advice before his treatment was complete. Consequently, an arrest warrant was issued on August 20, 2013 by the Lehigh County Office of Adult Probation, alleging Appellant violated conditions of his parole and probation by noncompliance with instructions, failure to remain drug free, and failure to successfully complete treatment. An amended arrest warrant was filed on October 28, 2013 to add overt behavior to the alleged violations after Appellant attempted suicide and was hospitalized. Upon his discharge from the hospital, Appellant was taken into custody in Bradford County.

On November 4, 2013, Appellant was transferred to the Lehigh County Prison. On November 19, 2013, Appellant waived his *Gagnon I*[2] hearing and proceeded to a *Gagnon II* hearing before the trial court in Lehigh County. Appellant conceded the violations. At the conclusion of the *Gagnon II* hearing, the trial court revoked Appellant's parole, and he was remanded to serve the balance of his original sentence at a state correctional institution. N.T., 11/19/13, at 10. The trial court also revoked Appellant's probation and resentenced Appellant to 12 to 48 months' imprisonment to run consecutively to the balance of his parole. *Id.* Appellant's timely motion for reconsideration of sentence, filed on November 21, 2013, was denied by the trial court on November 22, 2013. Thereafter, on December 18, 2013, Appellant timely filed a notice of appeal.[3]

On appeal, Appellant raises the following issue for our review.

> [1] Did the lower court err by imposing a disproportionate sentence based upon the nature of the violation and by failing to order a presentence investigation report or otherwise engage in a presentence inquiry to apprise itself of the [Appellant's] circumstances of life and other significant factors relevant to the sentence?

---

[2] Pursuant to *Gagnon v. Scarpelli*, 411 U.S. 778, (1973), before probation/parole can be revoked, the probationer/parolee is entitled to a preliminary hearing (*Gagnon I*) to determine if there is probable cause to believe a violation occurred and a final revocation hearing (*Gagnon II*). *Id.* at 781-782.

[3] Appellant and the trial court have timely complied with Pa.R.A.P. 1925.

Appellant's Brief at 7.[4]

Our standard of review when determining if a trial court erred in imposing a sentence following the revocation of probation is well-settled.

> [O]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Mazzetti*, 9 A.3d 228, 230 (Pa. Super. 2010) (citation omitted). "[Our] scope of review in an appeal from a revocation of sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*) (citation omitted), *appeal denied*, 8 A.3d 341 (Pa. 2010).

---

[4] Appellant challenges the imposition of a new sentence following the revocation of probation, but does not challenge his recommitment for violation of his parole. *See* Appellant's Brief at 5-6.

In this case, Appellant asserts, "the [s]entencing [c]ourt abused its discretion by imposing a manifestly harsh and improper sentence for violations of probation without requiring a [PSI] or engaging in any purposeful presentence inquiry into [Appellant's] history, circumstances, and needs for rehabilitation." Appellant's Brief at 11. Accordingly, Appellant challenges the discretionary aspects of his sentence.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal. [Therefore, b]efore we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

We conclude Appellant has met all of the technical requirements for this Court to review the merits of his claim. Appellant preserved his issue by filing a motion for reconsideration of sentence, averring, *inter alia*, the trial court did not order a PSI or conduct a thorough inquiry, as required in the

absence of a PSI and the sentence was unduly harsh and violative of the Sentencing Code under the circumstances. After the motion for reconsideration was denied, a timely appeal was filed. Finally, Appellant included a statement pursuant to Rule 2119(f) in his brief, claiming the trial court "violated fundamental norms underlying the sentencing process when it imposed a sentence of total confinement for technical violations of probation and did so without ordering a [PSI] or undertaking a meaningful presentence inquiry." Appellant's Brief at 10.

To raise a substantial question, Appellant must proffer a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Dodge**, 77 A.3d 1263, 1269 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014), *quoting* **Commonwealth v. Naranjo**, 53 A.3d 66, 79 (Pa. Super. 2012) (citations omitted). "[A]n appellant's allegation that the trial court imposed sentence without considering the requisite statutory factors or stating adequate reasons for dispensing with a [PSI raises] a substantial question." **Commonwealth v. Kelly**, 33 A.3d 638, 640 (Pa. Super. 2011), *quoting* **Commonwealth v. Flowers**, 950 A.2d 330, 332 (Pa. Super. 2008) (further citation omitted). We conclude Appellant raised a substantial question by arguing the trial court "violated fundamental norms underlying the sentencing process when it imposed a sentence of total confinement for technical violations of probation and did so

without ordering a [PSI] or undertaking a meaningful presentence inquiry."

Appellant's Brief at 10; **see also Kelly**, **supra** at 641.

Having determined that Appellant has met the threshold requirements

of review, we turn to the merits of his appeal.

> [W]e are mindful of the general rule that a
> sentencing court should impose a sentence
> consistent with the protection of the public, the
> gravity of the offense as it relates to the impact on
> the life of the victim and on the community, and the
> rehabilitative needs of the defendant. Where the
> court imposes a sentence for a felony or
> misdemeanor, the court shall make part of the
> record, and disclose in open court during sentencing,
> a statement for the reasons for the sentence
> imposed. At the same time, the court is not required
> to parrot the words of the sentencing code. …
> Instead, the record as a whole must reflect due
> consideration by the court of the offense and the
> character of the offender.

**Commonwealth v. Kalichak**, 943 A.2d 285, 290 (Pa. Super. 2008)

(internal citations omitted), *quoting* **Commonwealth v. Malovich**, 903

A.2d 1247, 1253 (Pa. Super. 2006). Further, total confinement may be

imposed subsequent to revocation of probation if the probationer has

committed another crime, the conduct of the probationer indicates he will

likely commit another crime, or it is necessary to vindicate the authority of

the court. **See Commonwealth v. Crump**, 995 A.2d 1280, 1283-1284 (Pa.

Super. 2010); **accord** 42 Pa.C.S.A. § 9771(c).

Appellant argues, "[the trial court] should have either ordered a [PSI]

be prepared or engaged in some worthwhile examination of reasonable

information about [Appellant] that could have affected the type and length of sentence imposed upon him." Appellant's Brief at 13. We conclude the record as a whole reflects the trial court did engage in a meaningful inquiry into Appellant's circumstances. At Appellant's initial sentencing after he pled guilty to escape, the trial court was informed of Appellant's prior record score and the circumstances that led to his escape. Also, Appellant addressed the court at length regarding his history of substance abuse. N.T., 2/9/12, at 14-15; 21-27. Appellant waived the requirement for a PSI at this proceeding. *Id.* at 20-21. Further, the trial court noted, "I structured the sentence so that if you do violate during those four years, I can send you back into the state. So, it's up to you." *Id.* at 35-36.

At the *Gagnon II* hearing, the trial court learned of the details of Appellant's violation, including overdosing and attempts at self-harm. N.T., 11/19/13, at 3-4. Appellant testified about his continuing struggle with drugs and alcohol. *Id.* at 7. Specifically, Appellant testified, "… I just don't know how I went from OD'ing to still using." *Id.* Upon sentencing, the trial court addressed Appellant as follows.

> I heard you [Appellant]. I've also looked back, that you had a burglary, a retail theft, criminal trespass and forgery, for a prior record score of 5. Your underlying conviction was for an escape.
>
> I think you have been quite candid. The local resources have been exhausted. …
>
> …

- 8 -

> I'm concerned that you have a lot of factors going on, both in terms of your substance abuse issues, picking up on using a needle after you almost OD'd on bath salts, in combination with trying to harm yourself, I think is really a toxic combination for you.
>
> And while this sentence is probably a bit shocking, I think it's going to create enough time for the personnel of the state prison system to help find the right combination of treatment for you so that you are not falling back in the same problem.

*Id.* at 10-11. The record, as a whole, reflects that the trial court, in fashioning the instant sentence, was concerned with the rehabilitative needs of Appellant and his continual issues with drug abuse. It is clear from the record that the trial court was familiar with Appellant and his particular circumstances and considered the nature of the offense and the character of the offender. *See Kalichak*, *supra*. Further, the trial court informed Appellant that a violation could result in a state sentence. Despite this, Appellant violated the terms of his supervision by failing to remain drug free and complete treatment programs as required by his supervision. Therefore, confinement was an appropriate sentence because Appellant conceded his use of illegal substances, the trial court expressed concern this activity would continue if Appellant was not confined, and it was necessary to vindicate the authority of the court. *See Crump*, *supra* at 1283.

Based on the foregoing, we conclude the trial court did not abuse its discretion by imposing a sentence of total confinement upon revocation of

Appellant's probation. ***See Mazzetti***, ***supra*** at 230. Accordingly, the trial court's November 19, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014