**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Robert MAZZETTI, Appellee.**

Superior Court of Pennsylvania.

Argued June 8, 2010.

Filed Nov. 18, 2010.

Nathan Boob, Assistant District Attorney, Bellefonte, for Commonwealth, appellant.

Matthew M. McClenahen, State College, for appellee.

BEFORE: MUSMANNO, LAZARUS and OLSON, JJ.

OPINION BY MUSMANNO, J.:

The Commonwealth of Pennsylvania appeals from the Order revoking the probation of Robert Mazzetti ("Mazzetti"), arguing that the trial court erred in denying the Commonwealth's request that it impose the mandatory minimum sentence on Mazzetti's underlying conviction. We affirm.

In its Opinion, the trial court set forth the relevant facts and procedural history as follows:

> On March 2, 2009, [Mazzetti] entered a plea of guilty to the charge of Possession with the Intent to Deliver Marijuana [ ("PWID"),] 35 P.S. § 780–113(a)(30).[1] At the time of the plea[,] the Commonwealth had the chance to seek the school zone mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 6317.[2] The Commonwealth chose not to seek the mandatory minimum.

---

1. This charge arose out of an incident that occurred at Mazzetti's residence in July 2008. Mazzetti, a student at Penn State University in State College, lived in an off-campus apartment at the time. On July 23, 2008, two men broke into Mazzetti's apartment, stealing marijuana and various other items. Following an investigation into the burglary, the police arrested Mazzetti and charged him with PWID, among other offenses. Pursuant to a plea agreement, Mazzetti pled guilty to PWID, and the Commonwealth *nolle prossed* the remaining charges.

2. Section 6317 provides, in relevant part, as follows:

    (a) **General rule.**—A person 18 years of age or older who is convicted ... of a violation of section 13(a)(14) or (30) of ... The Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university ..., be sentenced to a minimum sentence of at least two years of total confinement....

The plea agreement reached called for [Mazzetti] to serve twelve months [of] probation.

[Mazzetti] violated his probation on March 8, 2009, when he attempted to steal two jars of honey from a grocery store. He was cited for Retail Theft, graded as a summary [offense,] and a Motion to Revoke Probation was filed. At the revocation hearing on June 8, 2009, the Commonwealth sought to compel [the Trial] Court to sentence [Mazzetti] to the school zone mandatory minimum of two to four years in prison. [Mazzetti] admitted to the violation, a new criminal offense, at the revocation hearing. [The Trial] Court deferred sentencing and directed the parties to submit briefs regarding whether the Commonwealth can direct the court to impose the school zone mandatory minimum sentence at re-sentencing following a probation revocation. [The Trial Court found that the] Commonwealth was not able to provide any compelling case law supporting its argument that [the Trial] Court must sentence [Mazzetti] to the mandatory minimum. Exercising its discretion, [the Trial] Court [revoked Mazzetti's probation and] sentenced [him] to ninety days to one year in prison, as was recommended by his probation officer....

On July 22, 2009, the Commonwealth [timely] filed a Notice of Appeal to the Superior Court. [The trial court thereafter ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).] On August 12, 2009, the Commonwealth filed a timely [Rule 1925(b)] Statement....

18 Pa.C.S.A. § 6317(a). Although the record is unclear, it appears that the Commonwealth believed that Mazzetti's apartment was locat-

Trial Court Opinion, 9/29/09, at 1–2 (unnumbered, footnotes added).

■■■■ On appeal, the Commonwealth raises the following question for our review: "Did the [trial] court err in finding as a matter of law that it was not required to impose a mandatory sentence pursuant to 18 Pa.C.S.A. § 6317 at sentencing following the revocation of a defendant's probation despite the Commonwealth's request for the mandatory sentence?" Brief for Appellant at 5 (capitalization omitted).

In considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Williams,* 997 A.2d 1205, 1208 (Pa.Super.2010) (citation omitted). Further, "the determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Id.* (citation omitted).

■■■■ The Commonwealth asserts that, upon re-sentencing Mazzetti, the probation revocation court committed legal error in failing to impose the mandatory minimum sentence under 18 Pa.C.S.A. § 6317. *See* Brief for Appellant at 10–12. The Commonwealth points out that "[r]evocation of [ ] probation places [an] Appellant in the same position he was in at the time of his original sentencing." *Id.* at 10 (quoting

ed within 1,000 feet of real property owned by Penn State University. *See* N.T., 6/8/09, at 3–4.

*Commonwealth v. Johnson,* 967 A.2d 1001, 1006 (Pa.Super.2009)). According to the Commonwealth, "[t]he law is also clear that where the Commonwealth requests [a sentencing] court to impose a mandatory minimum sentence[,] the court is bound to do [so]." Brief for Appellant at 9. Based upon the foregoing, the Commonwealth contends that the probation revocation court in this case was obligated by law to re-sentence Mazzetti to the mandatory two-year minimum sentence under section 6317 upon the Commonwealth's request. *Id.* at 12. We disagree.

In support of it's argument, the Commonwealth relies upon two cases, *Johnson, supra,* and *Commonwealth v. Infante,* 585 Pa. 408, 888 A.2d 783 (2005). We find the Commonwealth's reliance upon *Johnson* and *Infante* to be misplaced. Neither case addressed whether the Commonwealth may compel a probation revocation court to impose the mandatory minimum sentence under section 6317 upon re-sentencing.

In *Johnson,* a panel of this Court addressed only the issue of whether the probation revocation court had erred in denying the defendant's motion seeking credit for time that he had served prior to re-sentencing on his probation violation. *Johnson,* 967 A.2d at 1002–03. The *Johnson* Court initially determined that, at the original sentencing proceeding on the defendant's underlying conviction, the court should have credited the defendant for time that he had served on that conviction. *Id.* at 1005–06. The Court held that since the revocation of the defendant's probation placed him in the same position that he was in at the time of his original sentencing, "upon revocation of his probation and resentencing, the trial court was required to credit [the defendant] with all time served." *Id.* at 1006.

In *Infante,* the defendant/probationer violated the terms of his probation after having committed both technical violations and several new crimes. *Infante,* 888 A.2d at 786. The trial court thereafter revoked the defendant's probation and imposed a county jail sentence, on the basis of the technical violations alone. *Id.* The trial court judge also stated that, since the defendant had yet to be tried on the new criminal charges, the court would await the outcome of the trial and, if the defendant was found guilty, the court would then impose a state prison sentence on the basis of those violations. *Id.* at 787. After the defendant was convicted of the charges, the trial court terminated the defendant's parole, revoked his probation, and re-sentenced him to a mandatory minimum prison term of three to six years. *Id.* Our Supreme Court in *Infante* ruled that the trial court did not err in sentencing the defendant in such a manner, *i.e.,* in "bifurcating" sentencing as to the defendant's technical probation violations and the violations from his new convictions. *Id.* at 793–94 (stating, *inter alia,* that "the ultimate disposition of outstanding criminal charges, which would require revocation if a conviction occurs, is a proper basis to adjust an existing [violation of probation] sentence—to the defendant's ultimate benefit or to his detriment.").

Our review reveals no case law that is directly on point to the case at bar. However, this Court's decision in *Commonwealth v. Kunkle,* 817 A.2d 498 (Pa.Super.2003), is closely analogous to the instant case. In *Kunkle,* the defendant entered a guilty plea to delivery of a controlled substance. *Id.* at 499. Prior to sentencing, the Commonwealth provided notice of its intention to seek the two-year mandatory minimum sentence under 18 Pa.C.S.A. § 6317. *Kunkle,* 817 A.2d at 499. The trial court imposed the mandatory minimum sentence even though the

Commonwealth had failed to present any evidence that section 6317 applied. *Id.* In response to the defendant's motion for modification of sentence challenging the imposition of the mandatory minimum, the trial court vacated the sentence and re-sentenced the defendant to a term of probation. *Id.* The Commonwealth then filed a motion to modify sentence, and proffered factual evidence in support of its contention that the mandatory minimum sentence should have been applied upon re-sentencing. *Id.* The trial court denied the Commonwealth's motion, and the Commonwealth appealed. *Id.* The Commonwealth conceded on appeal that it did not meet its burden of proving the requirements of section 6317 at the original sentencing hearing. *Id.* The Commonwealth also acknowledged that section 6317 requires the Commonwealth to factually support its request for the application of the mandatory minimum *at sentencing. Id.* at 500. The Commonwealth, argued, however, that section 6317 does not contain any language indicating "at sentencing" to mean at the *original* sentencing. *Id.*

The *Kunkle* Court addressed the Commonwealth's claims as follows:

> Section 6317(b) of the Crimes Code states that "[t]he applicability of this section *shall* be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant *an* opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable." 18 Pa.C.S.A. § 6317(b) (emphasis added). If the Commonwealth disputes the trial court's refusal to apply the mandatory minimum, section 6317[ (d) ] provides a statutory right of appeal; however, section 6317 does not contemplate a second sentencing hearing where the Common-

> wealth failed to meet its burden at the first sentencing hearing. *See* 18 Pa. C.S.A. § 6317.

*Kunkle,* 817 A.2d at 500. Based upon the foregoing, the *Kunkle* Court held that, "under section 6317, the Commonwealth must present its evidence supporting a mandatory sentence enhancement at the *original* sentencing hearing[,]" and "where ... the Commonwealth fails to meet that burden, the sentencing court shall not apply the sentence enhancement. ..." *Id.* (emphasis added).

In the instant case, the Commonwealth concedes that, following Mazzetti's plea of guilty to PWID, it "recommended a sentence of twelve months [of] probation and *agreed to waive the school zone mandatory* pursuant to 18 Pa.C.S.A. § 6317." Brief for Appellant at 6 (emphasis added). At no point prior to Mazzetti's original sentencing did the Commonwealth provide notice of its intention to seek application of the mandatory minimum sentence under section 6317, nor did it present any evidence on this point. Accordingly, the Commonwealth is precluded from seeking application of the mandatory minimum sentence upon re-sentencing. *See Kunkle, supra.* In light of the Commonwealth's waiver, the undisputed fact that the revocation of Mazzetti's probation placed him in the same position that he was in at the time of his original sentencing does not alter the result.

We discern no error of law or abuse of discretion by the probation revocation court in declining to re-sentence Mazzetti to the mandatory minimum sentence under section 6317. Accordingly, the Commonwealth's sole claim on appeal fails.

Order affirmed.