J-S41036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRANCE BISHOP | |
| Appellant | No. 355 EDA 2014 |

Appeal from the Judgment of Sentence January 7, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005578-2007

BEFORE: BOWES, J., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED AUGUST 05, 2014**

Appellant, Terrance Bishop, appeals from the January 7, 2014 judgment of sentence of 12 to 24 months' incarceration followed by 12 months' consecutive probation imposed after Appellant's previous probation was revoked and Appellant presented for resentencing. Additionally, Counsel has filed a petition to withdraw together with an **Anders** Brief, concluding the appeal is frivolous.[1] After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

We summarize the factual and procedural history of this case as follows. On June 9, 2008, Appellant entered a guilty plea to two counts of possession with intent to deliver a controlled substance (cocaine), 35 P.S. § 780-113(a)(30). On that same day, the trial court sentenced Appellant to

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

a term of incarceration of 15 to 36 months on the first count, and a consecutive term of three years' probation on the second count. While serving his parole, Appellant was convicted of delivery of a controlled substance (marijuana), 35 P.S. § 780-113(a)(30).[2] A petition for revocation of Appellant's probation was filed and a bench warrant was issued on October 23, 2013. At his ***Gagnon I*** hearing,[3] on January 7, 2014, Appellant stipulated to the allegations in the petition, waiving the necessity of a ***Gagnon II*** hearing. N.T., 1/9/14, at 3. The trial court thereupon revoked Appellant's probation and the matter proceeded immediately to sentencing. The Commonwealth requested imposition of a sentence of incarceration of 18 to 36 months. ***Id.*** at 5-6. Appellant argued for leniency due to his family obligations to his ailing mother and his 13-year-old son, and due to the time he already spent incarcerated as a result of the new charge and parole violation. ***Id.*** at 8, 15-16. The trial court sentenced Appellant to 12 to 24 months' incarceration followed by 12 months' consecutive probation.

Appellant filed no post-sentence motion. On February 4, 2014, Appellant filed a timely notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). In accordance with

---

[2] Appellant was sentenced to a term of incarceration of 6 to 23 months on the new charge. Additionally, Appellant was serving back time as a result of the revocation of his parole on count one of his June 9, 2008 sentence at the time of the instant revocation of his probation for count two.

[3] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

Subsection (c)(4) of the Rule, in lieu of a concise statement, Counsel gave notice of his intent to file an *Anders* brief.

On April 14, 2014, Appellant's counsel filed a petition to withdraw representation together with an *Anders* brief. Appellant has not filed a response to counsel's petition to withdraw or *Anders* brief. In his *Anders* brief, counsel raises the following issue for our review.

> [1.] Whether the sentence imposed upon [Appellant] for violating his probation was harsh and excessive under the circumstances?

*Anders* Brief at 3.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, we review counsel's *Anders* brief for compliance with the requirements set forth by our Supreme Court in *Santiago*.

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny "[c]ounsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

Instantly, we are satisfied that counsel has complied with the requirements of **Anders** and **Santiago**. Counsel carefully summarized the pertinent procedural history and made appropriate references to the record. He acknowledged his own review of the record, articulated one issue that could arguably support an appeal, but stated his conclusion that the appeal is nevertheless frivolous. Further, he set forth the reasons upon which he based that conclusion. Counsel has also complied with the notification requirements described in **Millisock**, **supra**. Since receiving notice,

Appellant has not filed any response. We therefore proceed with our independent review of the record and the issue presented on Appellant's behalf.

> In considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Mazzetti*, 9 A.3d 228, 230 (Pa. Super. 2010) (citation omitted), *affirmed*, 44 A.3d 58 (Pa. 2012). Further, the scope of our review following the imposition of a new sentence following revocation of probation includes challenges to the discretionary aspects of the sentence. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

The sole issue presented on Appellant's behalf implicates the discretionary aspects of the January 9, 2014 sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

> Rather, an "[a]ppeal is permitted only after this Court determines that there is a substantial

- 5 -

question that the sentence was not appropriate under the sentencing code." [***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010)]. In determining whether a substantial question exists, this Court does not examine the merits of the sentencing claim. ***Commonwealth v. Tuladziecki***, 513 Pa. 508, 522 A.2d 17 (1987).

In addition, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Kittrell***, 19 A.3d 532, 538 (Pa. Super. 2011). Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P.1925(b) concise statement and a Pa.R.A.P. 2119(f) statement. ***Commonwealth v. Naranjo***, 53 A.3d 66, 72 (Pa. Super. 2012).

***Cartrette***, ***supra*** at 1042.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (internal quotation marks and citations omitted), *appeal denied*, 63 A.3d 774 (Pa. 2013).

Instantly, Appellant has not preserved his issue in a timely post-sentence motion. We therefore look to the record to determine if Appellant preserved his issue by raising his claim at the sentencing proceeding.

During the sentencing proceeding, Appellant argued for leniency based on the nature of his violation, the additional time already spent incarcerated, his family obligations, and his efforts to reform. N.T., 1/7/14, at 8, 15-16. In response to those arguments, the trial court entered a sentence of 12 to 24 months' incarceration followed by 12 months' consecutive probation, which was less than the Commonwealth's initial recommendation of 18 to 36 months' incarceration. *Id.* at 5-6, 19. The trial court then asked if the parties were "okay with that?" *Id.* at 19. Appellant's counsel replied that there was no objection. *Id.* at 19-20. After being advised by counsel to accept the sentence, Appellant indicated to the trial court that he had no additional questions. *Id.* at 20. Accordingly, having failed to allege any error at the time of sentencing and having filed no post-sentencing motion, Appellant has waived his discretionary aspect of sentence issues on appeal. ***Lamonda, supra***; ***see also Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (finding appellant's discretionary aspects of sentence claims were waived where, although appellant argued mitigation at his revocation sentencing, he did not allege error in the trial court's imposition of sentence during the sentencing hearing or in a post-sentencing motion).

As the sole issue raised on Appellant's behalf is waived, we agree with counsel that the instant appeal is wholly frivolous. We therefore grant

counsel's petition to withdraw and affirm the January 9, 2014 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2014