J-S66002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COREY L. GARLAND, | |
| Appellant | No. 878 WDA 2014 |

Appeal from the Judgment of Sentence of April 28, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007068-2008

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 30, 2015**

Appellant, Corey L. Garland, appeals from the judgment of sentence of eighteen to thirty-six months of incarceration entered on April 28, 2014, following the revocation of Appellant's probation.  Upon review, we affirm.

The trial court summarized the factual and procedural background of this case as follows:

> On January 16, 2008, [A]ppellant was charged with one count of rape, one count of sexual assault, one count of aggravated indecent assault, one count of corruption of the morals of a minor and one count of indecent assault.  On January 7, 2009, [Appellant] entered a plea of guilty to the charge of sexual assault in exchange for the dismissal of the other charges and a sentence of incarceration of not less than two nor more than four years, with a period of probation to be set by the [trial c]ourt.  On April 2, 2009, following the receipt and review of a presentence report, th[e trial c]ourt sentenced [Appellant] in accordance with the plea agreement to a period of incarceration of not less than two nor

*Retired Senior Judge assigned to the Superior Court.

more than four years, to be followed by a period of probation of three years, during which he was to have no contact with the victim and he was to undergo random drug screening.

In August 2012, [Appellant] violated his [] parole when he missed his curfew and was found in possession of a knife. A probation violation hearing was held on November 5, 2012, at which time he was sentenced to a period of incarceration of not less than six nor more than twelve months to be followed by a period of probation of three years, he was to have no contact with the victim, undergo random drug screening and enroll and complete sexual offenders treatment. On June 3, 2013, another probation violation hearing was held at which time his probation was revoked and a new period of probation of three years was imposed with the same terms and conditions previously imposed upon him. At that hearing, [Appellant] stated that he understood fully what he was supposed to do and he was going to abide by all of those rules and conditions. Another probation violation hearing was held on November 4, 2013, at which hearing [Appellant's] state parole officer indicated that Mercy Behavioral Clinic did not want him back since he violated all of their rules, but requested that Justice-Related Services formulate a treatment plan for [Appellant]. Accordingly, his case was continued for sixty days to allow that treatment plan to be developed. On January 6, 2014, another violation hearing was held, at which point in time th[e trial c]ourt ordered a presentence report in aid of sentencing. On April 28, 2014, another violation hearing was held and as a result of the receipt and review of the presentence report and the probation violation report, together with the testimony of the state parole officer, [Appellant] was sentenced to a period of incarceration of not less than eighteen nor more than thirty-six months, to be followed by a period of probation of three years, with all of the other conditions that had previously been imposed upon him.

Trial Court Opinion, 2/13/15, at 2-3.

Appellant filed a motion for reconsideration of sentence on April 30, 2014, which the trial court denied on May 1, 2014. Thereafter, Appellant filed this timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two sentencing issues for our review:

    I.    DID THE TRIAL COURT FAIL TO PLACE ADEQUATE REASONS ON THE RECORD FOR THE LENGTHY SENTENCE IT IMPOSED?

    II.    DID THE TRIAL COURT FAIL TO ADEQUATELY CONSIDER AND APPLY ALL OF THE RELEVANT SENTENCING CRITERIA, INCLUDING THE PROTECTION OF THE PUBLIC, THE GRAVITY OF THE OFFENSE/VIOLATION, AND [APPELLANT'S] CHARACTER AND REHABILITATIVE NEEDS, AS REQUIRED UNDER 42 Pa.C.S.A. § 9721(b)?

Appellant's Brief at 5.

We initially note that "when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion." *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) (citation omitted). In this case, Appellant did not object to his sentence at the revocation hearing, however, he did file a post-sentence motion in which he challenged the discretionary aspects of his sentence. We thus review the trial court's sentence imposed following the revocation of probation for an

error of law or an abuse of discretion. ***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa. Super. 2014).

"[Our] scope of review in an appeal from a revocation [sentence] includes discretionary sentencing challenges." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." ***Commonwealth v. Burns***, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*) (citation omitted), *appeal denied*, 8 A.3d 341 (Pa. 2010).

Appellant specifically claims that the trial court "did not place adequate reasons on the record to justify the length of the sentence it imposed," and "announced [Appellant's] sentence before getting and reviewing the [Presentence Investigative Report (PSI)]." Appellant's Brief at 15. Appellant also contends that the trial court "did not adequately consider the protection of the public, the gravity of the violation, and [Appellant's] character and rehabilitative needs…." ***Id.***

Appellant's challenge to the discretionary aspects of his sentence is not appealable as of right. ***Colon***, ***supra*** at 1042.

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied

upon for allowance of appeal with respect to the discretionary aspects of sentence [as required by Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his [Rule 2119(f)] concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Here, Appellant filed a timely notice of appeal, preserved his sentencing challenge in his motion for reconsideration of sentence, and included a separate Rule 2119(f) concise statement in his appellate brief. *See* Appellant's Brief at 17-22. Moreover, Appellant has raised a substantial question for our review by asserting that the trial court failed to state adequate reasons on the record for its sentence, and failed to properly consider the factors enumerated in 42 Pa.C.S.A. § 9721(b). *Commonwealth v. Jones*, 613 A.2d 587, 590 (Pa. Super. 1992) (*en banc*); *Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013).

Having determined that Appellant has met these threshold requirements, we proceed to review the merits of his appeal. "Revocation of a probation sentence is a matter committed to the sound discretion of the

trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Mazzetti***, 9 A.3d 228, 230 (Pa. Super. 2010) (citation omitted), *affirmed*, 44 A.3d 58 (Pa. 2012). Upon revocation of probation, a sentencing court has all of the sentencing options that existed at the time of the original sentence. 42 Pa.C.S.A. § 9771(b).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003).

> [However,] in all cases where the court "resentences an offender following revocation of probation … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant."

***Cartrette***, ***supra*** at 1041, *quoting* 42 Pa.C.S.A. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010).

Here, our review of the record reveals no abuse of sentencing discretion by the trial court relative to Appellant's latest violation of his probation. As stated by Appellant's probation officer, Ashlee Lynn, at the most recent probation violation on April 28, 2014:

> We are here revisiting the violation hearing for [Appellant]. We have been here a few times on this case, beginning on November 4th of 2013. … [Appellant] has had a continued failure and noncompliance with sex offender treatment … he has been given numerous opportunities with treatment. There are numerous issues. And he once again has been unsuccessfully discharged.

N.T., 4/28/14, at 2.

Consonant with Ms. Lynn, Thomas Wolfe, an agent from the Pennsylvania Board of Probation and Parole, testified, "We have tried our best to give [Appellant] every opportunity to succeed in society, but he refuses to participate in treatment, refuses to get gainful employment, and continues to utilize marijuana. And he does [Appellant's] way [sic] and doesn't follow conditions at all, Your Honor." *Id.* at 3.

The trial court then heard from Appellant, who, *inter alia*, expressed that he had "tried so hard to maintain myself," and "just want[ed] another shot." *Id*. at 5.

After hearing from the three witnesses, the trial court, without further commentary, succinctly stated:

> I read the [PSI] report. I also read a report of the Pennsylvania Department of Probation and Parole. What we are going to do, we are going to revoke

> [Appellant's] period of probation and sentence [him] to a period of incarceration of not less than 18, nor more than 36 months, followed by a period of probation of three years, with the requirement of random drug screening, and [he is] to have no contact with the victim.

*Id.* at 6-7.

Although the trial court spoke tersely in rendering its sentence, and was required to state, in open court at the time of sentencing, the reasons for its sentence, this requirement can be satisfied by the trial court indicating, on the record, that it has been informed by a PSI report. *Commonwealth v. Reynolds*, 835 A.2d 720, 734 (Pa. Super. 2003). Moreover, the trial court's commentary, *supra*, belies Appellant's assertion that the trial court "announced" Appellant's sentence prior to reviewing the PSI report. We therefore find Appellant's first issue to be without merit.

With regard to Appellant's second issue, we recognize that pursuant to 42 Pa.C.S.A. § 9721(b), the trial court must consider the protection of the public, the gravity of the offense, and the defendant's rehabilitative needs. However, we again rely on well-settled jurisprudence, which holds that, "[W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *See e.g., Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013).

In sum, our review of the record confirms the trial court's familiarity with Appellant, the nature and gravity of his offenses and serial probation violations, and the clear need to protect the public in this case. The trial court established as much when it stated, "[Appellant's original] sentence of two to four years with a period of probation of three years was a mitigated range sentence, which sentence [Appellant] repeatedly violated **as witnessed by the number of violation hearings held**." Trial Court Opinion, 2/13/15, at 4 (emphasis added).

Based on the foregoing, we discern no abuse of discretion by the trial court, and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2015