J. A03011/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
   :          PENNSYLVANIA
   :
        v.              :
   :
TYSHAWN WATSON,            :
   :
          Appellant    :    No. 3048 EDA 2014


Appeal from the Judgment of Sentence September 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No.: CP-51-CR-0907211-2004


BEFORE: GANTMAN, P.J., MUNDY,J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:              **FILED MARCH 23, 2016**

Appellant, Tyshawn Watson, appeals from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County as a result of his fourth probation violation. We affirm.

On November 9, 2004, Appellant appeared before the Honorable Genece E. Brinkley and pled guilty to Possession with Intent to Deliver (PWID)[1] and Conspiracy[2] on one indictment and Knowing and Intentional Possession of a Controlled Substance (K&I)[3] on a second indictment. On that same day, Judge Brinkley sentenced Appellant to three years reporting

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903.

[3] 35 P.S. § 780-113(a)(16).

probation on the PWID and Conspiracy charges and a term of two to twelve months' incarceration with immediate parole on the K&I charge, all sentences to run concurrently.

Judge Brinkley continued to supervise Appellant for ten years during which time Appellant failed ten drug tests, continued to engage in criminal activity, failed to comply with probation, and failed to complete drug and alcohol treatment. The sentencing court prepared a detailed and accurate statement of facts and procedural history, which we need not re-state here. *See* Trial Ct. Op., dated 1/30/15, at 2-5.

Appellant raises the following issue on appeal: "Was not the sentence of 4-8 years, in aggregate, of state incarceration for various technical violations and one direct violation of probation manifestly excessive and unreasonable under the circumstances of this case?" Appellant's Brief at 4.

When we consider an appeal from a sentence imposed following the revocation of probation, we review for an error of law of abuse of discretion, specifically:

> …our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Mazzetti*, 9 A.3d 228, 230 (Pa. Super. 2010) aff'd, 44 A.3d 58 (2012) (citation omitted). In order for this Court to find an abuse of

discretion, Appellant must prove that the sentencing court acted with "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support at to be clearly erroneous." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010).

Appellant does not have an automatic right to appeal the discretionary aspects of a sentence. Rather, we must first determine whether Appellant has met the following four elements before we will review the discretionary aspect of a sentence:

(1) whether the appellant has filed a timely notice of appeal;
(2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence,
(3) whether the appellant's brief has a fatal defect, and
(4) whether there is a substantial question that the sentence appealed from is inappropriate under the Sentencing Code.

*Commonwealth v. Williams*, 787 A.2d 1085, 1087-88 (Pa. Super. 2001) (internal citations omitted).

Here, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issues, and including in his brief a Statement of Reasons relied upon for allowance of appeal, pursuant to Pa.R.A.P. 2119(f). Accordingly, we next determine whether Appellant's claims present a "substantial question" for review.

An appellant raises a "substantial question" when he sets forth a plausible argument that the sentence (1) violates a provision of the sentencing code or (2) is contrary to the fundamental norms of the sentencing process. *Crump*, 995 A.2d at 1282 (citation omitted).

Appellant argues that there is a "substantial question" that warrants review by this Court where the sentence was manifestly excessive and unreasonably based on the sentencing court's misapprehension of fact, namely that Appellant's violation at issue occurred two years, rather than three months, after his latest release from jail.

We agree that Appellant has raised a "substantial question" and will review the merits of Appellant's claims. ***See, e.g., Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006) (concluding that a claim that a sentence was manifestly excessive presents a "substantial question" for review) and ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (stating that a claim that the trial court relied upon incorrect factual assertions when imposing a sentence asserts a "substantial question").

Appellant first argues that the sentencing court imposed a manifestly excessive sentence when it revoked Appellant's probation and ordered Appellant to serve an aggregate term of four to eight years' incarceration for violating probation. The Pennsylvania Sentencing Code permits a sentencing court to impose a sentence of total confinement upon revocation of probation if it makes a finding that:

> (1)  the defendant has been convicted of another crime; or
> (2)  the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> (3)  such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771.

In this case, the sentencing court made a finding that all three factors applied. Specifically, the sentencing court found:

> In the case at bar, the sentence imposed was within the statutory guidelines and reasonable in light of Defendant's rehabilitative needs, personal history and decade–long thumbing of his nose at this Court. As this Court noted, it had attempted multiple times since 2004 to fashion a sentence that would allow Defendant to address his drug abuse problem without a lengthy period of state incarceration. However, each time Defendant failed to attend the drug treatment programs he was ordered to attend, failed to comply with any of the terms and conditions of his sentence, and repeatedly tested positive for PCP. Furthermore, Defendant accrued multiple new arrests and convictions in the periods in which he was not incarcerated, including the conviction on September 8, 2014 which led to the current violation of his probation.

Trial Ct. Op., dated 1/30/15, at 7 (internal citation omitted).

Appellant argues that this case is analogous to ***Commonwealth v. Parlante***, 823 A.2d 927 (Pa. Super. 2003), where this Court found the sentencing court abused its discretion when it imposed an aggregate sentence of four to eight years' incarceration for a violation of probation. ***Parlante*** is inapposite.

In ***Parlante***, at the time of sentencing, twenty-one year old Nicole Parlante had only been on probation for three years, had only been arrested for or convicted of non-violent crimes including forgery, drug possession, and underage drinking (two days before her twenty-first birthday), had completed drug and alcohol treatment, and was being sentenced by a new judge. ***Id.*** at 928, 928 n.1., 931. In reversing the sentencing court, this Court stated, "[t]he record indicates that the trial court failed to consider

Parlante's age, family history, rehabilitative needs, the pre-sentence report or the fact that all of her offenses were non-violent in nature and that her last two probation violations were purely technical." *Id.* at 930.

In stark contrast, at the time of sentencing in this case, Appellant had been on probation for over ten years, had been arrested for a myriad of crimes (including violent crimes), had continually refused drug and alcohol treatment, had committed a direct probation violation, and had been supervised by the same judge the entire time. In fact, the only analogous fact between the two cases is the aggregate sentence of four to eight years' incarceration that the sentencing court imposed in each case.

Unlike *Parlante*, the sentencing court in this case properly considered the Appellant's personal history, rehabilitative needs, and the nature of Appellant's crimes. There is no doubt that the court was fully aware of Appellant's personal history after supervising Appellant for over ten years. Also, during sentencing, the court heard Appellant's allocution where he discussed his personal life. The sentencing court then acknowledged the tremendous size of the record and stated specifically why it was imposing a sentence of incarceration:

> [T]he record is lengthy. I have tried numerous ways to try to help the defendant. He thumbed his nose at the Court the entire time. And I don't believe the IP sentence requested by defense counsel is appropriate at this time considering all the other times I sent the defendant to drug treatment, plus the direct violation.

N.T. Sentencing, 9/22/14, at 15-17, 19-20.

Accordingly, we find there was no "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support at to be clearly erroneous," and the sentencing court did not abuse its discretion. **Crump, supra,** 995 A.2d at 1282.

Appellant next argues that the sentencing court imposed a sentence based on a mistake of fact; specifically, that Appellant had been on probation for three months instead of two years when Appellant violated his probation. This argument has no merit.

The sentencing court did erroneously state the following: "[Appellant] started a probationary tail in April – April 21ˢᵗ, 2014. Three months later – less than three months later, he was arrested on 7/14/14." However, the sentencing court next heard Appellant allocute and state that he was on probation for two years prior to his re-arrest and that he was working two jobs during that time. N.T., Sentencing, 9/22/14, at 16-17. The sentencing court then corrected the record, "…it looks like he was paroled early. [Appellant] did not do the entire five years. He was paroled on 3/5/12." **Id.** at 17. As the sentencing court corrected the record prior to imposing the sentence, we find that there was no mistake of fact and therefore no abuse of discretion.

Judgment of sentence affirmed.

J. A03011/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2016