J. S48025/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                         :              PENNSYLVANIA
                                                         :
                                  v.                   :
                                                         :
EDMUND ARTHUR GRENIER, JR.     :
                      Appellant          :
                                                         :       No. 1626 WDA 2015

Appeal from the Judgment of Sentence September 16, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division No(s): CP-33-CR-0000045-2014

BEFORE: BOWES, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY DUBOW, J.:                                **FILED OCTOBER 6, 2016**

Appellant, Edmund Arthur Grenier, Jr., appeals from the judgment of
sentence imposed by the Court of Common Pleas of Jefferson County as a
result of his probation violation.  We affirm.

On November 9, 2004, Appellant appeared before the Honorable John
H. Foradora and pled guilty to five counts of Deceptive Business Practices[1]
for taking more than $500,000 from sales of gravesite markers such as
granite stones, bronze markers, vases, vaults, scrolls, and inscriptions, and
failing to order, deliver, and install these items.  Police Criminal Complaint,
dated 11/7/13.  Judge Foradora sentenced Appellant to five years' reporting
probation with fines and costs at each count, to be served concurrently.

---

[1] 18 Pa.C.S. § 4107(a)(2).

On July 13, 2015, Appellant pled guilty to two new counts of Deceptive Business Practices, and admitted to committing the same crimes again while on probation.[2]

On September 16, 2015, after taking judicial notice of the new charges and reviewing the Pre-Sentence Investigation Report, Judge Foradora revoked Appellant's probation and sentenced Appellant to five to ten years' incarceration on each of the prior five counts of Deceptive Business Practices, with the sentences to run consecutively, for an aggregate sentence of twenty-five to fifty years' incarceration. Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "Whether the trial court abused its discretion when it revoked Appellant's probation and re-sentenced him to serve five consecutive sentences aggregating to a minimum of twenty-five (25) years to a maximum of fifty (50) years in a State Correctional Institution [for] [A]ppellant's violation of probation?" Appellant's Brief at 4.

When we consider an appeal from a sentence imposed following the revocation of probation, we review for an error of law or abuse of discretion. Specifically:

_____

[2] These two new counts are not part of this appeal.

> . . . our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

***Commonwealth v. Mazzetti***, 9 A.3d 228, 230 (Pa. Super. 2010) (citation omitted). In order for this Court to find an abuse of discretion, Appellant must prove that the sentencing court "acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010).

Appellant does not have an automatic right to appeal the discretionary aspects of a sentence. Before this Court reviews the discretionary aspects of a sentence, we must first determine:

(1)  whether the appellant has filed a timely notice of appeal;
(2)  whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence;
(3)  whether the appellant's brief has a fatal defect; and
(4)  whether there is a substantial question that the sentence appealed from is inappropriate under the Sentencing Code.

***Commonwealth v. Williams***, 787 A.2d 1085, 1087-88 (Pa. Super. 2001) (internal citations omitted).

Here, Appellant filed a timely Notice of Appeal, properly preserved the issue, and included in his brief a Statement of Reasons relied upon for allowance of appeal, pursuant to Pa.R.A.P. 2119(f). Accordingly, we next

determine whether Appellant's claim presents a "substantial question" for review.

An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Crump*, 995 A.2d at 1282.

Appellant argues that there is a "substantial question" that warrants review by this Court because his sentence was "manifestly unreasonable," "too severe," and "the [c]ourt's reasons for the sentence did not justify the severity." Appellant's Brief at 6.

We agree that Appellant has raised a "substantial question" and will review the merits of Appellant's claims. *See, e.g., Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006) (concluding that a claim that a sentence was manifestly excessive presents a "substantial question" for review).

Appellant acknowledges the severity of his crimes, *see* Appellant's Brief at 9, but argues that the sentencing court abused its discretion when it revoked Appellant's probation and re-sentenced him to serve an aggregate term of twenty-five to fifty years' incarceration for violating probation. Appellant's Brief at 4. We disagree.

The Pennsylvania Sentencing Code permits a sentencing court to impose a sentence of total confinement upon revocation of probation if it makes a finding that:

(1)  the defendant has been convicted of another crime; or
(2)  the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
(3)  such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771.

In this case, the sentencing court made a finding that all three factors applied. Specifically, the sentencing court found:

Over the course of several years, [Appellant] swindled grieving, vulnerable people out of hundreds of dollars with the knowledge that he could not deliver the promised goods and services. He continued to engage in his deceptive practices even after being put on probation and, as a result, incurred additional charges that resulted in a new conviction. That conviction, in and of itself, was sufficient justification for the [c]ourt to impose a sentence of total incarceration, 42 Pa.C.S.A. § 9771(c), and [Appellant]'s victim/con man mentality contributed to the Court's decision that total confinement was warranted.

Before the Court for disposition on his violation, [Appellant] persisted in blaming his wife and others for the position he was in and, heedless of his victims and the distress he had caused them, attempted to avoid further punishment for his actions by advancing the clearly preposterous "Give me another chance because I'm on the verge of solvency" story. Whatever his reason for pleading guilty in the first place, it was clear on September 16, 2015, therefore, that [Appellant] was not accepting responsibility for his crimes and their effects. It was likewise clear that he thought he could con the Court into excusing his conduct the same way he had conned his victims out of their money. In short, not only did he sustain a new criminal conviction while on probation, but he retained a criminal mindset such as one does not expect to see in someone his age

- 5 -

and which foreshadowed further societal victimization were he to
be released back into the community.

Trial Ct. Op., dated 12/18/15, at 1-2. As the record supports the trial

court's findings, we find no abuse of discretion.

Appellant avers that the trial court "did not adequately explain" why it

imposed the twenty-five to fifty year sentence. Appellant's Brief at 10. In

response, the trial court opined:

> With respect to the claim that the Court failed to state its
> reasons, the record proves differently. As the [c]ourt stated on
> the record, it had considered, among other things, the relevant
> presentence investigation report, and according to
> **Commonwealth v. Fowler**, 893 A.2d 758 (Pa. Super. 2006), it
> thereby satisfied the requirement to place its reasons for
> sentencing on the record. *Id*. at 766.

Trial Ct. Op. at 2. We agree.

In **Fowler**, this Court stated, "[s]ince the sentencing court had and

considered a presentence report, this fact alone was adequate to support the

sentence, and due to the court's explicit reliance on that report, we are

required to presume that the court properly weighed the mitigating factors

present in the case." **Fowler, supra** at 766.

The record here reflects that the trial court considered the presentence

investigation report. In addition, the trial court stated on the record

additional reasons for imposing the sentence, *i.e.*, the severity of the crimes,

Appellant's failure to cease his criminal activities even after the imposition of

a relatively light sentence of probation, and his failure to accept

responsibility for his actions even while pleading guilty. *See* Trial Ct. Op. at 1-2.

Accordingly, we find no abuse of discretion as the trial court adequately placed its reasons for sentencing on the record.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2016