J-S22007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER SICKLER | : | |
| | : | |
| Appellant | : | No. 1446 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 17, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000062-2020

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                    **FILED: AUGUST 14, 2023**

Appellant, Walter Sickler, appeals from the judgment of sentence entered October 17, 2022, as made final by the denial of his post-sentence motion on October 28, 2022, following the revocation of his probation.  We affirm.

On August 25, 2020, Appellant pled guilty to indecent assault – person less than 13-years-old, endangering the welfare of a child, and corruption of minors.[1]  That day, the trial court sentenced Appellant to an aggregate term of seven to 14 months' incarceration, followed by five years' probation.  The trial court also classified Appellant as a Tier III registrant under the Sexual

---

[1] 18 Pa.C.S.A. §§ 4304(a)(1), 3126(a)(7), and 6301(a)(1)(ii), respectively.

Offender's Registration and Notification Act ("SORNA"),[2] thereby subjecting him to SORNA's lifetime registration requirements.

On March 26, 2021, Appellant was incarcerated on a probation-violation detainer. On April 5, 2021, a **Gagnon I**[3] hearing was held, wherein the trial court provided the following summary of Appellant's alleged probation violations:

> Since [Appellant's] parole [closed], he has been in treatment. We had a least one compliant review. And then, on March [15, 2021], he was administered a denial polygraph, which he failed.
>
> In addition to that, he made some disclosures that are concerning and also violate his supervision conditions. Ongoing drug and alcohol use, as well as viewing pornography.
>
> In addition to that, in speaking with his probation officer, [Appellant] indicated that he was having contact with minors and his supervision was described as being rather lackadaisical.
>
> [Appellant] resides with this brother, who has pending charges as well with another judge in my building, and is on supervision with [p]retrial [s]ervices on an ankle bracelet at this time, which is not an approved residence.

N.T. Hearing, 4/5/21, at 2-3. Appellant did not contest any of the allegations set forth by the trial court. **Id.** at 3. Appellant's probation officer then recommended that, prior to his release from incarceration, he be enrolled in

---

[2] 42 Pa.C.S.A. §§ 9799.10 to 9799.41.

[3] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973); **see also Commonwealth v. Ferguson**, 761 A.2d 613 (Pa. Super. 2000) (explaining that, when a parolee or probationer is detained pending a revocation hearing, due process requires a determination at the pre-revocation hearing (**Gagnon I** hearing) of probable cause to believe a violation was committed, and upon finding of probable cause, a second, more comprehensive hearing (**Gagnon II** hearing) follows before the trial court makes its final revocation decision).

the diversion program, and they "provide [Appellant with] an approved home plan." *Id.* at 4. The trial court adopted the officer's recommendation, indicating its desire that Appellant be placed in Steadfast, a boarding house, because it imposed supervision. *Id.* at 9-10. Thereafter, Appellant was released from incarceration and placed in Steadfast. N.T Hearing, 3/21/22, at 2.

On February 23, 2022, Appellant was again incarcerated on a probation-violation detainer. A *Gagnon I* hearing was held on March 21, 2022. It was alleged that Appellant committed a number of probation violations, including, lying to his probation officer about attending sex offender treatment; having a cellular telephone with internet capabilities; using the cellular telephone to visit "numerous websites regarding teenage girls, some of them quite graphic;" having inappropriate contact with minors, including exchanging money for sexual favors; and obtaining and consuming marijuana provided to him by his minor daughter. N.T. Hearing, 3/21/22, at 2-4, and 7. Upon review, the trial court concluded that, while it was "very clear that [Appellant] need[ed] treatment," it was "concerned that the level of commitment to deviant behavior [was] quite high." *Id.* at 6. As such, the trial court scheduled a *Gagnon II* hearing, ordered a pre-sentence investigation report ("PSI") and directed Appellant to undergo a psychiatric evaluation. *Id.* at 9.

Appellant's *Gagnon II* hearing was held on October 17, 2022. At the outset, the trial court reiterated Appellant's alleged violations, listed above.

N.T. Hearing, 10/17/22, at 1-3. Thereafter, Appellant's probation officer stated that, in light of the "obviously significant" violations, he recommended imposing a "[s]tate-length sentence." *Id.* at 3. Ultimately, the trial court adopted the probation officer's recommendation, revoked Appellant's probation, and sentenced him to an aggregate term of two to four years' incarceration, followed by three years' probation. *Id.* at 10-12. Appellant filed a post-sentence motion on October 27, 2022, which the trial court denied the next day. This timely appeal followed.

Appellant raises the following issue on appeal:

> Whether the trial court abused its sentencing discretion by failing to apply all relevant sentencing criteria, including the protection of the public, the gravity of the offense, and [Appellant's] character and rehabilitative needs, as required by 42 Pa.C.S.A. § 9721(b)?

Appellant's Brief at 6 (superfluous capitalization omitted).

"[Our] scope of review in an appeal from a revocation [sentence] includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*) (citation omitted), *appeal denied*, 8 A.3d 341 (Pa. 2010).

This Court previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):
>
>> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>>
>>> We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [*Moury*, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). A substantial question exists when an appellant presents "a colorable argument that the sentence imposed is either [(1)] inconsistent with a specific provision of the sentencing code or [(2)] is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth*

*v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011) (quotation omitted).

Herein, Appellant filed a timely notice of appeal, preserved his sentencing challenge by filing a post-sentence motion, and included a Rule 2119(f) concise statement in his appellate brief. **See** Appellant's Brief at 13-16. Moreover, Appellant has raised a substantial question for our review by asserting that the trial court "fail[ed] to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offenses and violation, and [Appellant's] character, personal history and rehabilitative needs . . . as required by 42 Pa.C.S.A. § 9721(b)." Appellant's Brief at 15; **see Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012) (explaining that an allegation that "the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense, and the rehabilitative needs of [the a]ppellant, as 42 Pa.C.S.A. § 9721(b) requires," presents a substantial question); **see also Commonwealth v. Derrikson**, 242 A.3d 667, 680 (Pa. Super. 2020); **Commonwealth v. Serrano**, 150 A.3d 470, 473 (Pa. Super. 2016) (accord).

Having determined that Appellant has met these threshold requirements, we proceed to review the merits of his appeal. "Revocation of a probation[ary] sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. Mazzetti**, 9 A.3d 228, 230 (Pa. Super. 2010) (citation omitted), *aff'd.*, 44

A.3d 58 (Pa. 2012) (quotation omitted). Upon revocation of probation, a sentencing court has all of the sentencing options that existed at the time of the original sentence. 42 Pa.C.S.A. § 9771(b).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003) (citation omitted).

> [However,] in all cases where the court "resentences an offender following revocation of probation . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant."

***Cartrette***, ***supra*** at 1041, *quoting* 42 Pa.C.S.A. § 9721(b). "A [trial] court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010). Importantly, "where the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating

statutory factors." *See e.g.*, *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013) (quotation omitted).

A review of the certified record in this matter reveals the following. At the outset of the October 17, 2022 *Gagnon II* hearing, the trial court indicated that it received Appellant's PSI, psychiatric evaluation, and a recommendation provided by Justice Related Services ("JRS"). N.T Hearing, 10/17/22, at 2. Then, the court reiterated Appellant's various alleged violations, which included possessing a cellular telephone with internet capabilities, using the cellular telephone since November 2021 to access the internet to visit numerous pornographic and dating websites, creating a Facebook account, and engaging with "multiple minor friends" to, *inter alia*, exchange money for sexual favors and consume marijuana. *Id.* at 2-3. Appellant admitted to all but exchanging money for sexual favors. *Id.* at 5. Based upon the forgoing conduct, Appellant's probation officer, Douglas Thase, stated:

> [T]he nature of the violations are obviously significant. As you stated, he had a previous opportunity to comply with that. … I do believe that we have run out of resources, or ways to supervise [Appellant], and as a result[,] we are left with the only option at this point, which is a [s]tate-length sentence.

*Id.* at 3.

Despite Officer Thase's recommendation, Appellant's counsel proposed an alternative housing arrangement, suggesting a residential commitment at "Farkus House" or "possibly a [Community Residential Rehabilitation ("CRR")]

group home." *Id.* at 3-4. A JRS representative, however, indicated that, "in [her] professional opinion[, Appellant] would be denied [admission to a CRR group home] due to his mental health." *Id.* at 4. The trial court considered Appellant's counsel's proposal but noted that "Farkus House is a lower level of supervision than Steadfast," where Appellant was previously located and committed the aforementioned violations. *Id.* at 7. Based upon the foregoing, the trial court stated:

> The issue is his ongoing use of illicit substances, his ongoing engagement with minor children, his corruption of minors, asking his own daughter to provide him with [marijuana]; his use of pornography, which is specifically adverse to the conditions of his mental health treatment. An ankle bracelet [will not] change that.
>
> We have tried to address his treatment needs. He failed the first time and was given a second chance. And my notes indicate here this last time he was again dishonest about his compliance with treatment.
>
> So[,] at this point[,] I [am] not confident that doing the same thing over again is going to produce a different result, especially since Farkus is a [less restrictive facility.]

*Id.* at 8. Thereafter, the trial court revoked Appellant's probation and imposed sentence. *Id.* at 10-13.

Upon review, we conclude that, although the trial court spoke tersely in rendering its sentence, it indicated on the record that it was informed by the PSI report and Appellant's response, over time, to his treatment regimen and supervisory conditions. *See* N.T Hearing, 10/17/22, at 2. This is sufficient to satisfy the statutory requirement that a trial court state, in open court at the

time of sentencing, the reasons for its sentence. **See Commonwealth v. Reynolds**, 835 A.2d 720, 734 (Pa. Super. 2003). Moreover, it is evident that the trial court, through multiple encounters, was familiar with Appellant, the nature and gravity of his offenses and serial probation violations, and the clear need to protect the public in this case. Hence, we discern no abuse of discretion on the part of the trial court, as it adequately considered the sentencing factors as required by 42 Pa.C.S.A. § 9721(b).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2023