J-S66021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE WORSHAM, | : | |
| | : | No. 120 WDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence December 15, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011365-2013,
CP-02-CR-0011369-2013

BEFORE:   BENDER, P.J.E., DUBOW, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                **FILED FEBRUARY 13, 2018**

Appellant, Tyrone Worsham, appeals from the Judgment of Sentence entered in the Allegheny County Court of Common Pleas following the revocation of his probation.  After careful review, we affirm.

On December 5, 2013, Appellant pleaded guilty to one count of Criminal Trespass[1] at docket No. CP-02-CR-0011365-2013 for a confrontation with his ex-fiancée ("Victim") where Appellant forcibly entered her home, threatened her, and destroyed her cell phone.  Pursuant to a plea agreement, the trial court sentenced Appellant to 11 months and 29 days' to 1 year, 11 months and 28 days' incarceration, followed by a period of 3 years' probation.  The

_____

[1] 18 Pa.C.S. § 3503(a)(1)(ii).

_____

*   Retired Senior Judge assigned to the Superior Court.

trial court granted Appellant 120 days of credit for time served from August 8, 2013 to December 5, 2013.

Also on December 5, 2013, Appellant pleaded guilty to Criminal Trespass, Stalking, and Criminal Mischief[2] at Docket No. CP-02-CR-0011369-2013 for a second incident concerning Victim, occurring four days later, where Appellant entered Victim's home without permission, destroyed property in Victim's bedroom, and then contacted Victim to gloat and threaten her. Pursuant to a plea agreement, the trial court sentenced Appellant to a period of 2 years' probation to be served concurrently with the sentence imposed at docket No. CP-02-CR-0011365-2013. Appellant did not file post-sentence motions or a direct appeal.

Appellant remained incarcerated until March 20, 2014, when authorities transferred him to alternative housing at the Renewal Center. Eleven days later, on May 31, 2014, Appellant absconded from the Renewal Center and remained at large for almost two years until authorities apprehended him on April 28, 2016.

On December 15, 2016, after a violation of probation ("VOP") hearing, the trial court revoked Appellant's probation and sentenced Appellant to a new term of 1½ to 3 years' imprisonment on each docket, to be served concurrently ("VOP Sentence").

---

[2] 18 Pa.C.S. § 3503(a)(1)(i); 18 Pa.C.S. § 2709.1(a)(1); and 18 Pa.C.S. § 3304(a)(5).

Appellant filed a timely Motion to Reconsider Sentence, which the trial court denied on January 4, 2017. On January 13, 2017, Appellant filed a Notice of Appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I. Was the revocation sentence illegal because [Appellant] never received credit for the 106 days that he was incarcerated from December 5, 2013 to March 20, 2014?

II. Did the trial court violate 42 [Pa.C.S.] § 9721(B), 42 [Pa.C.S.] § 9725 and 42 [Pa.C.S.] § 9771(C) when it issued an excessive sentence of total confinement that failed to adequately consider and apply all of the relevant sentencing criteria, including [Appellant]'s character and rehabilitative needs, the gravity of the offense/violation and the protection of the public?

Appellant's Brief at 7 (some capitalization omitted).

When we consider an appeal from a sentence imposed following the revocation of probation, we review for an error of law or abuse of discretion. *Commonwealth v. Mazzetti*, 9 A.3d 228, 230 (Pa. Super. 2010). Generally, our scope of review is limited to "the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." *Commonwealth v. Kuykendall*, 2 A.3d 559, 563 (Pa. Super. 2010) (citing *Commonwealth v. Ferguson,* 893 A.2d 735, 737 (Pa. Super. 2006)). This Court "must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance[,] or indifference, and the overall effect and nature of the crime." *Commonwealth v. Marts*, 889 A.2d 608, 613 (Pa. Super. 2005). Also, upon

- 3 -

sentencing following a revocation of probation, the trial court may impose any sentence so long as the sentence does not exceed the maximum sentence that the trial court could have imposed when the trial court originally sentenced the defendant. *Commonwealth v. Bowser*, 783 A.2d 348, 349 (Pa. Super. 2001). In order for this Court to find an abuse of discretion, Appellant must prove that, when sentencing the Appellant after his violation of probation, the sentencing court "acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010).

In his first issue, Appellant avers that the trial court should have credited his VOP Sentence with the time that he served on his original sentence after conviction – 106 days, from December 5, 2013 until March 20, 2014. Appellant's Brief at 15. We disagree.

A challenge to the trial court's failure to award credit for time served prior to any type of sentencing is a challenge to the legality of a sentence. *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). The question of whether a trial court imposed an illegal sentence is a question of law and, therefore, our review is *de novo*. *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013).

The Pennsylvania Sentencing Code provides that a trial court shall give a defendant credit for time spent incarcerated and states, in relevant part:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

Where a court, however, originally imposes a sentence that includes both incarceration and probation and the defendant then violates probation, the trial court, upon re-sentencing the defendant, is **not** compelled to grant to the defendant credit for the time the defendant was incarcerated in the original sentence. **Crump**, **supra** at 1284 (emphasis added). The only limitation when re-sentencing the defendant is that the trial court may not exceed the maximum sentence that the Sentencing Code authorizes. **Id. See also Commonwealth v. Yakell**, 876 A.2d 1040, 1043 (Pa. Super. 2005) (concluding that the trial court "was within its right not to grant any credit for the time served on the original sentence" when resentencing defendant following his parole and probation revocation because the aggregate sentence was less than the statutory maximum); **Infante**, **supra** at 367 (holding that in the context of sentencing after probation revocation, a defendant is not automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in excess of the statutory maximum).

Instantly, the Sentencing Code authorized the trial court to impose a statutory maximum sentence of 10 years' incarceration for the count of

Criminal Trespass as a felony of the second degree on docket No. CP-02-CR-0011365-2013. *See* 18 Pa.C.S. § 1103(2). On docket No. CP-02-CR-0011369-2013, the Sentencing Code empowered the trial court to impose a statutory maximum sentence of 7 years' incarceration for the count of Criminal Trespass as a felony of the third degree, 5 years' incarceration for Stalking as a misdemeanor of first degree, and 1 year of incarceration for Criminal Mischief as a misdemeanor of the third degree. *See* 18 Pa.C.S. § 1103(3); 18 Pa.C.S. § 1104(1),(3). While the court could have sentenced Appellant to up to 23 years' incarceration, it only imposed an aggregate sentence of 1½ to 3 years on both dockets, a sentence that was clearly within the statutory limit and did not result in Appellant serving any time in excess of the statutory limit. Accordingly, the trial court did not abuse its discretion when imposing the VOP Sentence.

Appellant cites *Johnson, supra,* to support his claim that the trial court erred in not crediting the time he was incarcerated in the original sentence to his VOP Sentence. In *Johnson,* the defendant pled guilty and the trial court sentenced him to a period of probation. *Johnson, supra* at 1002. The defendant, however, was incarcerated until he pled guilty. *Id.* When the defendant violated his probation and was sentenced to a period of incarceration, this Court held that he was entitled to credit for time served on his VOP sentence because he was incarcerated before he pled guilty and the trial court originally only sentence him to probation. *Johnson, supra* at 1002-03, 1004 n.3, 1005. Significantly, we recognized that if, in fact, the trial

- 6 -

court had originally imposed a sentence of both incarceration and probation, the trial court could not have given the defendant credit for time served on the VOP sentence. *Id*. at 1004 n.3.

In this case, the trial court's original sentence included both incarceration and probation. Therefore, there is no legal basis to credit the VOP Sentence with the time Appellant served in the original sentence.

Thus, we conclude that the sentencing court did not abuse its discretion or err as a matter of law in not giving Appellant his requested credit for time served.

In his second issue, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 7. "Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal and an appellant's appeal should be considered a petition for allowance of appeal." *Commonwealth v. Crork*, 966 A.2d 585, 590 (Pa. Super. 2009) (quotation and citation omitted). An appellant must satisfy a four-part test in order to invoke our jurisdiction to review the claim:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.] § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted). Moreover, an appellant waives any objections to the discretionary

aspects of a sentence if he or she does not raise those objections at a sentencing hearing or in a motion to reconsider sentence. *Id.*

Instantly, Appellant filed a timely Notice of Appeal, filed a timely Motion to Reconsider Sentence, and complied with Pa.R.A.P. 2119(f). We note that Appellant failed to raise any objections during his sentencing and preserved only two issues in his Motion to Reconsider Sentence: (1) the sentencing court imposed an excessive sentence; and (2) the sentencing court failed to consider mitigating factors. *See* Motion to Reconsider Sentence, filed 12/16/16; *Moury, supra* at 170.

We now determine whether Appellant raised a substantial question. It is well-settled that this Court must evaluate and determine the challenges that constitute a substantial question on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (citation and quotation omitted).

In particular, a defendant does not raise a substantial question when he argues that the sentence imposed after the court revoked his probation was manifestly excessive and violated the sentencing code when the sentence did not exceed the sentence authorized by the Sentencing Code. *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792-93 (Pa. Super. 2001).

*See Commonwealth v. Coss*, 695 A.2d 831, 833-34 (Pa. Super. 1997) (holding that when the sentence imposed falls within the statutory recommendation, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question).

Also, an argument that the trial court failed to consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257-58 (Pa. Super. 2004). *See also Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa. Super. 2002); *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence)

Here, Appellant claims that, even though his sentence was less than the statutory maximum, the trial court imposed an excessive sentence that did not adequately consider the protection of the public, the gravity of offense in relation to impact on victim and community, and Appellant's rehabilitative needs pursuant to 42 Pa.C.S. § 9721(b). *See* Appellant's Brief at 24-25. Appellant also avers that the trial court failed to consider the mitigating evidence of Appellant's work history, dedication to his family, completion of Batterer's Intervention program, and lack of new convictions since 2013. *Id.* at 24-25.

These arguments fail to raise a substantial question appropriate for our review and, therefore, we lack jurisdiction to consider them.[3]

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2018

---

[3] Even if we had jurisdiction to review these arguments, the arguments would fail. The trial court had the benefit of a PSI report and our Supreme Court has held unequivocally that "[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988). This Court "may not re-weigh the significance placed on each factor by the sentencing judge." **Commonwealth v. Williams**, 69 A.3d 735, 742 (Pa. Super. 2013). The fact that Appellant disagrees with the weight the trial court gave to the mitigating evidence does not render the sentence imposed an abuse of discretion. **See Marts, supra** at 615.